UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNA SMITH, | Civ. No. S-10-0484 FCD/EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| JP MORGAN CHASE f/k/a WASHINGTON MUTUAL; IMPAC FUNDING CORPORATION d/b/a IMPAC LENDING GROUP; U. S. FINANCIAL SERVICES, INC.; CALIFORNIA RECONVEYANCE CORPORATION; DONALD WAYNE GREGG; and CARMEN RAMONA CHIOREAN, | |
| Defendants. | |

----oo0oo----

    This matter is before the court on the motions of defendants JPMorgan Chase Bank, N.A., California Reconveyance Corporation, and Impac Funding Corporation to dismiss plaintiff Joanna Smith's ("plaintiff") first amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

/////

1

1    Jurisdiction is a threshold inquiry before the adjudication
2 of any case before the court.  <u>See Morongo Band of Mission</u>
3 <u>Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380
4 (9th Cir. 1988).  Without jurisdiction, this court cannot
5 adjudicate the merits of this case or order any relief.  <u>See</u> <u>id.</u>
6 ("If the district court had no jurisdiction over the subject
7 matter, the action should have been dismissed, regardless of the
8 parties' preference for an adjudication in federal court.").
9    Plaintiff's original complaint, filed in the Superior Court
10 for the State of California in and for the County of Sacramento,
11 alleged claims for (1) fraud; (2) breach of contract; (3) breach
12 of implied covenant of good faith and fair dealing; (4) violation
13 of the California Rosenthal Act, California Civil Code §§ 1788 et
14 seq.; (5) negligence; (6) violation of Real Estate Settlement
15 Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, et seq.; (7) breach
16 of fiduciary duty; and (8) violation California Business &
17 Professions Code § 17200 et seq..  Defendant Impac Funding
18 Corporation removed the case to the court on Februaru 26, 2010,
19 based on federal question jurisdiction.
20    However, plaintiffs filed a first amended complaint on March
21 5, 2010, which is devoid of any federal claims.  Specifically,
22 plaintiff's first amended complaint alleges claims for (1) fraud;
23 (2) breach of contract; (3) breach of implied covenant of good
24 faith and fair dealing; (4) violation of the California Rosenthal
25 Act, California Civil Code §§ 1788 et seq.; (5) negligence; (6)
26 breach of fiduciary duty; (7) violations of California Business &
27 Professions Code § 17200 et seq.; (7) violation of Civil Code §
28 2923.5 et seq.; and (8) quiet title.

1  Subject to the conditions set forth in 28 U.S.C. § 1367(c),
2 district courts may decline to exercise supplemental jurisdiction
3 over state law claims.  See <u>Acri v. Varian Associates, Inc.</u>, 114
4 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision
5 whether to exercise supplemental jurisdiction should be informed
6 by values of "economy, convenience, fairness, and comity."  <u>Id</u>.
7 at 1001 (citations omitted).  Further, primary responsibility for
8 developing and applying state law rests with the state courts.
9 Therefore, when federal claims are eliminated before trial,
10 district courts should usually decline to exercise supplemental
11 jurisdiction.  See <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343,
12 350 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d
13 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
14 federal-law claims are eliminated before trial, the balance of
15 factors . . . will point toward declining to exercise
16 jurisdiction over the remaining state law claims.") (<u>quoting</u>
17 <u>Schneider v. TRW Inc.</u>, 938 F.2d 986, 993 (9th Cir. 1991)).  In
18 accordance with 28 U.S.C. § 1367(c), the court declines to
19 exercise supplemental jurisdiction over plaintiff's state law
20 claims.
21  Accordingly, plaintiff's complaint is REMANDED to the
22 Superior Court of the State of California for the County of
23 Sacramento.
24  IT IS SO ORDERED.
25 DATED: May 21, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3